UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STACIA RUSSELL CLAY | CIVIL ACTION |
| VERSUS | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | NO. 19-263-JWD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 15, 2019.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACIA RUSSELL CLAY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-263-JWD-RLB** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 7). The motion is opposed. (R. Doc. 11).

**I.  Background**

On March 19, 2019, Stacia Russell Clay ("Plaintiff" or "Clay") initiated this action against State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-1, "Petition"). Plaintiff alleges that while she was driving a school bus she was struck by a vehicle driven by Marilyn Kelly, which caused her to sustain physical injuries. (Petition ¶¶ 2-3). Plaintiff alleges that she settled with Ms. Kelly and her liability insurer for the policy limits. (Petition ¶ 4). Plaintiff is now seeking to recover on her uninsured/underinsured motorist ("UM") policy, which has a policy limit of $50,000 for bodily injury. (Petition ¶ 9).

Plaintiff made two settlement demands before filing her Petition. On December 26, 2018, Plaintiff made a settlement demand for full policy limits, indicating that as of December 26, 2018, she had incurred medical expenses of $25,015.54 and suffered from disc hernations, disc bulges, and facet hypertrophy as a result of the accident. (R. Doc. 1-2 at 1-4). In the settlement demand, Plaintiff's counsel specifically asserts that Plaintiff's "claim is worth more

1

than the limits of the liability policy (settled) and her uninsured motorist policy" with State Farm. (R. Doc. 1-2 at 4). On March 7, 2019, Plaintiff again sought a tender of policy limits in light of newly identified disc herniations and bulges, and her worsening conditions. (R. Doc. 1-2 at 5).

While Plaintiff does not specifically state that she is seeking the policy limits in the Petition, she alleges that the denial of coverage and adjustment of the claims was done "arbitrarily and capriciously" in violation of La. R.S. 22:1973 and 22:1892, entitling her to recovery of bad faith penalties and attorney's fees. (Petition ¶¶ 10-11). The Petition also states that "[u]pon information and belief, Plaintiff's damages arising out of this lawsuit will not exceed $75,000 exclusive of interests and costs." (Petition ¶ 13).

On April 30, 2019, State Farm removed this action on the basis that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). State Farm asserts that there is complete diversity as Plaintiff is a citizen of Louisiana and State Farm is a citizen of Illinois. (R. Doc. 1 at 4). State Farm further asserts that the amount in controversy requirement is satisfied in light of the relief sought in the Petition and Plaintiff's pre-lawsuit settlement demands. (R. Doc. 1 at 3-6).

On May 29, 2019, Plaintiff filed the instant motion to obtain remand on the basis that State Farm has not established that the amount in controversy requirement is satisfied. (R. Doc. 7).

**II.    Arguments of the Parties**

In support of remand, Plaintiff argues that it is facially apparent that the amount in controversy is <u>not</u> satisfied because the Petition specifically states that Plaintiff's damages do not exceed $75,000 and the applicable policy limits are $50,000. (R. Doc. 7-1 at 2-4). Plaintiff further argues that even factoring in the bad faith penalties and attorney's fees sought, Defendant

2

has not otherwise established that the amount in controversy requirement is satisfied. (R. Doc. 7-1 at 4-6). Finally, Plaintiff seeks recovery of costs and fees associates with the filing of the instant motion on the basis that State Farm's removal is frivolous. (R. Doc. 7-1 at 6).

In opposition, State Farm argues that the amount in controversy is ambiguous and the record establishes that it is satisfied. (R. Doc. 11 at 4-5). State Farm argues that Plaintiff's assertion in the Petition that her damages do not exceed $75,000 is not a binding stipulation that would preclude a finding that the amount in controversy requirement is satisfied. (R. Doc. 11 at 5-7). In short, State Farm argues Plaintiff is seeking $50,000 as measured by the policy limits, $25,000 in penalties pursuant to La. R.S. 22:1892, and additional amounts in recoverable attorney's fees pursuant to La. R.S. 22:1892. (R. Doc. 11 at 7-9). Finally, State Farm argues that removal was objectively reasonable even if the action is remanded, and Plaintiff's request for expenses should therefore be denied. (R. Doc. 11 at 10).

### III.   Law and Analysis

#### A.   Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-

4

82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

As the parties do not dispute that there is complete diversity,[1] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

**B.  Analysis**

The value of the claim for coverage under an insurance policy determines the amount in controversy, unless the value of the claim exceeds the value of the policy. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *see also Lewis v. Lexington Ins. Co.*, No. 07-8295, 2008 WL 4862034, at *2 (E.D. La. Nov. 6, 2008). While it is not entirely clear from the Petition, there is no dispute that Plaintiff is seeking the full $50,000 in policy limits provided by the UM policy at issue.[2]

---

[1] The Notice of Removal asserts that Plaintiff is a citizen of Louisiana and State Farm is a citizen of Illinois. (R. Doc. 1 at 6).

[2] Plaintiff states that in the Petition she "specifically demanded and requested solely $50,000 limits" under the policy and further asserts that State Farm's exposure under the policy is $50,000. (R. Doc. 7-1 at 3). In addition, State Farm relies on the two pre-lawsuit settlement demands to establish that the amount in controversy requirement is satisfied. This Court has previously held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal settlement demand letter can be considered as relevant evidence of the amount in controversy, "it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston,* 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (citing *Pollet v. Sears Roebuck and Co.*, 46 F. App'x 226, 2002 WL 1939917 (5th Cir. 2002); *Hartford Insurance Group v. Lou–Con Inc.*, 293 F.3d 908 (5th Cir. 2002); *Wilson v. Belin,* 20 F.3d 644, 651 n.8 (5th Cir. 1994)). The demand letters clarify any ambiguity with respect to whether Plaintiff is seeking the full $50,000 in policy limits.

5

Plaintiff argues that it is facially apparent that the amount in controversy is <u>not</u> satisfied in light of her allegation that her "damages will not exceed $75,000." (R. Doc. 7-1 at 2). Plaintiff is mistaken to the extent she is arguing that the foregoing allegation in the Petition establishes as a legal certainty that the amount in controversy is not satisfied. "If the plaintiff alleges in the state court petition that the amount in controversy does not exceed the minimum amount required for federal diversity jurisdiction, this allegation does not necessarily bar removal." *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *2 (M.D. La. Dec. 14, 2007). "The defendant still can remove the case if it demonstrates by a preponderance of the evidence . . . that the alleged damages exceeded the jurisdictional amount, unless the plaintiff then can establish to a legal certainty under state law that the limiting allegation in the petition prevents him from recovering more than the jurisdictional amount or from later amending the petition to seek more damages." *Id.* (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)). Accordingly, while the Court may consider the foregoing allegation in determining whether the amount in controversy is facially apparent, the allegation does not necessarily preclude a finding that the amount in controversy is established.

The Court also considers allegations seeking recovery for bad faith penalties and fees for the purpose of determining whether the amount in controversy requirement is satisfied. *See*, *e.g*., *Lapeyrouse v. State Farm Fire & Cas. Co.*, No. 14–52, 2014 WL 4373273, at *3 (M.D. La. Sept. 3, 2014) ("That the Plaintiffs are seeking penalties and attorney's fees under La. R.S. § 22:1892 and La. R.S. § 22:1973 supports a finding that the jurisdictional amount has been exceeded.") (citing *Fortier v. State Farm Fire & Cas. Co.*, 2007 WL 678990, at *2 (E.D. La. Feb. 28, 2007)). With respect to the bad faith statutes, Plaintiff asserts that she has submitted proof of loss and State Farm "has refused to pay a reasonable portion of this claim" as required by La. R.S. §

22:1892 (formerly La. R.S. § 22:658) and La. R.S. § 22:1973 (formerly La. R.S. § 22:1220). (Petition ¶ 10).  Plaintiff then states that she is seeking recovery of "penalties and attorney fees" on the basis that State Farm "arbitrarily and capriciously" failed to make sufficient and/or timely payments under the policy. (Petition ¶ 11).  Plaintiff does not, however, make any allegations with respect to the consequential damages sought under the bad faith statues.

Louisiana Revised Statute 22:1973(C) provides that "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).  The Louisiana Supreme Court has held that the "damages sustained" referenced in La. R.S. 22:1973(C) are not contractual damages, but the separate damages incurred for an insurer's breach of its duty of good faith and fair dealing imposed by La. R.S.. 22:1973. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170-71 (La. 2011); *see Washington v. Liberty Mut. Fire Ins. Co.*, 12-746, 2012 WL 3096046, at *2 (W.D. La. July 30, 2012) ("The penalty allowed under La. R.S. 22:1973 is based not on the contractual amount owed.") (citing *Durio*, 74 So.3d at 1170-71). Accordingly, the court may not simply double the $50,000 in contractual damages potentially sought to find that the amount in controversy is satisfied.  Instead, the court must calculate potential damages pursuant to La. R.S. 22:1973 based upon the alleged "damages sustained" as a result of State Farm's alleged breach of the duty of good faith.  Furthermore, while a plaintiff cannot recover penalties under both La. R.S. 22:1973 and La. R.S. 22:1892, a plaintiff may recover penalties under La. R.S. 22:1973 and attorneys' fees under La. R.S. 22:1892 (as attorneys' fees are not recoverable under La. R.S. 22:1973). *See Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000).

Damages for mental anguish may be awarded under La. R.S. 22:1973 for breaches of the duty of good faith. *Dickerson v. Lexington Ins. Co.*, 556 F. 3d 290, 304 (5th Cir. 2000). Here, Plaintiff has not made any allegations with respect to mental anguish or any other consequential damages incurred as a result of the alleged bad faith. State Farm has provided no evidence of any consequential damages suffered. Accordingly, the Court finds that the amount in controversy is not facially apparent (or otherwise established by summary judgment type evidence) in light of the relief sought under La. R.S. 22:1973, even assuming the potential recovery of attorneys' fees under La R.S. 22:1892.

The Court finds the amount in controversy requirement to be satisfied, however, in light of Plaintiff's request for penalties under La. R.S. 22:1892. Louisiana Revised Statute 22:1892 provides that failure to make payment on a written offer to settle an insurance claim within thirty days after receipt of satisfactory proofs of loss of that claim, if "found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater . . . and the amount found to be due as well as reasonable attorney fees and costs." La. R.S. 22:1892(B)(1). Unlike the penalties recoverable under La. R.S. 22:1973, this penalty is based solely on a calculation of 50% of the amount recoverable under the insurance contract. *See Durio*, 74 So.3d at 1170-71.

Given the record, Plaintiff is seeking up to an additional $25,000 in bad faith penalties (*i.e.*, 50% of the $50,000 sought directly under the policy), in addition to any recoverable attorney's fees, under La. R.S. 22:1892. In support of remand, Plaintiff acknowledges that the "maximum penalty that could be imposed against State Farm under this provision is $25,000 (half of $50,000)" yet only considers possible recovery of attorney's fees in relation to a

8

potential award under La. R.S. 22:1973. (R. Doc. 7-1 at 5-6). As State Farm points out, Plaintiff ignores the fact that the 50% penalty and separate attorneys' fees are recoverable under La. R.S. 22:1892. (R. Doc. 11 at 6). State Farm would only have to recover a nominal amount in attorney's fees to exceed the jurisdictional amount.

Having considered the record in its entirety the Court concludes that State Farm has met its burden of establishing that the amount in controversy requirement is satisfied.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 15, 2019.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**